Circuit Court of Cuyahoga County.

JOHN C. KEEFE v. JAMES W. EVENDEN.

Decided, February 21, 1905.

*Proof Required in an Action to Set Aside Judgment.*

In an action to set aside a judgment on the ground that defendant had not been served with summons, the evidence must clearly show such want of service.

*J. P. Dawley* and *F. A. Beecher,* for plaintiff.
*Smith & Taft,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This cause comes into this court on appeal from the court of common pleas. The action below was begun June 14, 1904, to enjoin the collection of, and to vacate a judgment by default obtained December 12, 1898, in a previous action begun in the same court October 15, 1898, wherein the plaintiff here was defendant and the defendant here was plaintiff. It is alleged by Keefe that the return of service of summons in that action is erroneous, and that summons was in fact never served on him. The answer of the defendant here denies this allegation. The return of summons in the former case showed upon its face that summons was served on him personally.

Upon the trial he testified that he was not personally served, and that he had no notice of the pendency of the action until he procured an abstract of title to certain of his real estate which he desired to encumber or sell, and found that the judgment was a lien thereon. His testimony is not, however, clear as to when he first learned of the judgment. In one portion of his evidence he declares that it was six months after judgment was obtained. Later on he testified that it was not until about a month before this suit was brought. He produces other evidence to confirm his own testimony relative to the want of personal

service, and his want of knowledge of the pendency of the action. But this evidence is all either negative in character, or, at all events, insufficient to corroborate his claim.

The defendant produces as a witness George F. Arnold, deputy sheriff, who served the summons in the primary action. Arnold testifies that in making the service he knocked at the side door of Keefe's residence; that, apparently, in response to his knock a man came from behind the house, and in answer to his question said that he was John Keefe, and thereupon Arnold handed the summons to this man personally. Other witnesses for the defendant testify that various letters were written to Keefe within the next three years, requesting that he pay the judgment, and that in April, 1903, Keefe called twice about the matter at the office of the firm with which Evenden was connected.

Upon the whole case we are not satisfied that the evidence shows with such degree of clearness as equity requires in an action of this sort, that the averments of the petition are true. A decree will, therefore, be entered for the defendant, dismissing the petition at plaintiff's costs.